**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**DBW Partners, LLC, d/b/a The Capitol Forum,**

**1629 K Street NW, Suite 300**
**Washington, DC 20006,**

**Plaintiff,**

**Civil Action No.__________**

**v.**

**U.S. FOOD AND DRUG ADMINISTRATION,**

**10903 New Hampshire Avenue**
**Silver Spring, MD 20993,**

**Defendant.**

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. Plaintiff, DBW PARTNERS, LLC, doing business as The Capitol Forum ("TCF") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, challenging FDA's classification of two requests for regulatory inspection records as commercial-use requests, its denial of requested public-interest fee waivers, and its failure to determine TCF's timely administrative appeals.

2. TCF seeks a determination that the two requests were submitted in furtherance of its journalistic function and are entitled to news-media fee treatment; alternatively, TCF seeks a public-interest fee waiver, as well as appropriate relief concerning any fees unlawfully assessed or collected.

**JURISDICTION AND VENUE**

3. This Court has subject-matter jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

4. Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B), which expressly permits FOIA actions in the District of Columbia.

**PARTIES**

5. Plaintiff TCF is a news organization with an address at 1629 K Street NW, Suite 300, Washington, D.C. 20006. It gathers information, applies editorial judgment, publishes original investigative reporting, and distributes that reporting to its readership.

6. Defendant FDA is a federal agency within the Department of Health and Human Services and is an agency subject to FOIA.

**FACTUAL ALLEGATIONS**

7. TCF has long requested FDA inspection and regulatory records to identify potential news stories under FOIA. FDA and other agencies have recognized TCF's news-media status for more than a decade.

8. TCF reviews the FDA inspection logs and identifies matters of public concern involving public health. When appropriate, it will request underlying records from the FDA and will then conduct investigations into the issues uncovered in the FOIA materials it receives, often culminating in published reports.

9. On or about July 27, 2026, TCF submitted FOIA Request Nos. FDA-FOIA-2026-7185 and FDA-FOIA-2026-7186, seeking FDA and state inspection information, including records associated with FDA Form 483s or state equivalents.

10. By two determinations dated July 27, 2026, FDA denied fee-waiver requests and classified both requests as "Commercial Use." FDA's stated rationale for the fee-waiver denial was that TCF's initial submission, "Media," did not establish the public-interest fee-waiver criteria. FDA did not separately explain why the underlying journalistic uses were commercial.

11. On August 18, 2026, TCF appealed both determinations in one submission, expressly identifying both FOIA request numbers and providing a detailed account of its newsgathering activities, statutory arguments, and examples of reporting.

12. FDA acknowledged on September 22, 2026 that it had received the appeal on August 19, 2026, assigned Appeal No. 26-0090AA, and identified only Request No. FDA-FOIA-2026-7185. It invoked consultation with another office as an unusual circumstance and estimated at least 18 months for resolution because 145 appeals were ahead of it.

13. By letter dated September 28, 2026, TCF explained that its appeal also covered Request No. FDA-FOIA-2026-7186, requested confirmation of the docketing of that appeal, which was subsequently acknowledged by FDA. The September 28, 2026 notice also disputed FDA's claimed 18-month delay,

14. As of filing, FDA has not issued a substantive decision on either fee appeal or clarified the status of the second request. The applicable statutory determination period, including an assumed ten-working-day extension, has elapsed. TCF has not agreed to an 18-month extension.

15. TCF has exhausted administrative remedies or is deemed to have done so under 5 U.S.C. § 552(a)(6)(C)(i).

**COUNT I**

**(UNLAWFUL REFUSAL TO RECOGNIZE NEWS MEDIA FEE STATUS)**

16. TCF incorporates the preceding paragraphs.

17. Under 5 U.S.C. § 552(a)(4)(A)(ii)(II), a representative of the news media seeking records for noncommercial use is subject only to permissible duplication charges, not search or review charges. See also 21 C.F.R. § 20.45(a)(2).

18. TCF qualifies as a representative of the news media because it gathers information of public interest, uses editorial skills to turn raw information into distinct journalistic works, and distributes those works to an audience.

19. The two requests support TCF's news-dissemination function and are not commercial-use requests merely because TCF receives revenue from its publications. See Nat'l Sec. Archive v. U.S. Dep't of Def., 880 F.2d 1381, 1388 (D.C. Cir. 1989); Cause of Action v. FTC, 799 F.3d 1108, 1120–25 (D.C. Cir. 2015); Liberman v. U.S. Dep't of Transp., 227 F. Supp. 3d 1 (D.D.C. 2016).

20. FDA's commercial-use classifications are contrary to FOIA and should be set aside.

**COUNT II**

**(REFUSAL TO GRANT PUBLIC INTEREST FEE WAIVER)**

21. TCF incorporates the preceding paragraphs.

22. Under 5 U.S.C. § 552(a)(4)(A)(iii), fees shall be waived or reduced where disclosure is likely to contribute significantly to public understanding of government operations or activities and is not primarily in the commercial interest of the requester.

23. The requested inspection and observation information concerns FDA regulatory oversight; TCF has a demonstrated capacity and intent to disseminate original reporting on that oversight; and the requests are made primarily for journalism rather than commercial exploitation of records.

24. TCF placed a detailed factual showing and examples of publication in the administrative appeal record. The fee-waiver denials should be reviewed de novo on the administrative record pursuant to 5 U.S.C. § 552(a)(4)(A)(vii).

**COUNT III**

**(FAILURE TO MAKE TIMELY APPELLATE DETERMINATIONS)**

25. TCF incorporates the preceding paragraphs.

26. FOIA requires a determination on an administrative appeal within 20 working days of receipt, subject to the limited statutory extension for unusual circumstances. 5 U.S.C. § 552(a)(6)(A)(ii), (B).

27. FDA has not determined TCF's appeals within the applicable period. Its estimate of at least 18 months does not unilaterally extend that deadline or defeat constructive exhaustion.

28. TCF seeks appropriate relief adjudicating the underlying fee disputes without awaiting further administrative proceedings.

**PRAYER FOR RELIEF**

WHEREFORE, TCF respectfully requests that the Court:

A. Declare that TCF is a representative of the news media for purposes of the two identified FOIA requests and that those requests are not for commercial use;

B. Declare FDA's commercial-use classifications unlawful and enjoin FDA from assessing search or review fees on the two requests;

C. Alternatively, determine that TCF is entitled to a public-interest fee waiver or reduction on the administrative record;

D. Order FDA to process the requests consistent with the Court's fee determinations, without conditioning processing on payment of improper fees;

E. Order reimbursement of any unlawfully collected fees, if established by the evidence and legally available;

F. Award reasonable attorney's fees and litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

G. Grant such other relief as the Court deems just and proper.

October XXIII, 2026

Respectfully submitted,

/s/ John B. Williams
JOHN B. WILLIAMS
D.C. BAR No. 257667
1629 K STREET, N.W.

Washington, D.C. 20006
202-277-8435

jbwilliams@hartylawgroup.com

*Counsel for Plaintiff*